IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Jerome Ratliff, on behalf of himself )
and other similarly situated individuals, )
    Plaintiffs, )
) No. 17 C 7173
v. ) Judge Ronald A. Guzmán
)
Don Hummer Trucking Corp., )
    Defendant. )

# MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to dismiss for lack of personal jurisdiction [15] is granted. All pending motions denied as moot. Civil case terminated.

# STATEMENT

Plaintiff[1] applied online for a commercial truck-driver position with Defendant on or about November 14, 2014 in response to a solicitation on Defendant's website. (Compl., Dkt. #1, ¶ 21.) On or about November 26, 2014, Defendant obtained a background report from HireRight, LLC. (*Id*. ¶ 22.) According to Plaintiff, on information and belief, Defendant disqualified him for the job based on information Defendant learned from the background report, and did not hire Plaintiff. (*Id*. ¶¶ 23, 24.) Defendant did not provide Ratliff with the notice required by the federal Fair Credit Reporting Act ("FCRA"), informing him that he was not hired based on information in his background report within three business days of deciding not to hire him. (*Id*. ¶ 25.) Plaintiff brings the instant action on behalf of himself and a class of similarly-situated individuals.

**Standard**

Although Defendant moves to dismiss based on lack of both standing and personal jurisdiction, the Court addresses only the latter issue. *Meyers v. Oneida Tribe of Indians,* 836 F.3d 818, 821 (7th Cir. 2016) ("'[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.'") (citation omitted). A motion under Federal Rule of Civil Procedure 12(b)(2) challenges personal jurisdiction over a defendant. When the Court relies solely on written materials to rule on such a motion, the plaintiff bears the burden of establishing a prima facie case of personal jurisdiction. *See Kipp v. Ski Enter. Corp. of Wis*., 783 F.3d 695, 697 (7th Cir. 2015). Plaintiff's jurisdictional allegations are accepted as true unless

---

[1] Although Plaintiff's complaint is filed on behalf of himself and others similarly situated, this order refers to Plaintiff in the singular because no class has yet been certified.

proved otherwise by Defendant's affidavits or exhibits. *See Purdue Research Found. v. Sanofi-Sythelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Id*. at 783. "[U]nder the prima facie standard, the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in [his] favor." *Id*.

**Analysis**

"The FCRA does not authorize nationwide service of process." *Juarez v. Dimon*, No. 14 C 4043, 2014 WL 7177544, at *2 (C.D. Ill. Dec. 16, 2014) (citing 15 U.S.C. § 1681p). Where a federal statute does not authorize nationwide service of process, the Court may exercise jurisdiction over the defendants only "if it would be permitted to do so under the Illinois long-arm statute." *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010) (citing Fed. R. Civ. P. 4(k)(1)(A)). "Because Illinois permits personal jurisdiction if it would be authorized under either the Illinois Constitution or the United States Constitution, the state statutory and federal constitutional requirements merge." *Id* (citations omitted). "Personal jurisdiction can be either general or specific, depending on the extent of the defendant's contacts with the forum state." *Id*. Here, Plaintiff relies only on specific jurisdiction in responding to Defendant's motion to dismiss.

Three requirements must be established in order for a court to exercise specific jurisdiction over a party: "'(1) the defendant must have purposely availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.'" *Johnson v. Barrier*, No. 15 C 3928, 2017 WL 36442, at *3 (N.D. Ill. Jan. 4, 2017) (citation omitted). "'Th[e] purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person.'" *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011) (citation omitted).

When specific jurisdiction is challenged, "[t]he plaintiff must . . . prove that the defendant had constitutionally sufficient contacts with the forum and that the defendant's contacts were *temporally and substantively related to the lawsuit*." *uBID,* 623 F.3d at 431 (emphasis added). *See also Bristol-Myers Squibb Co. v. Super. Ct. of Cal.,* 137 S. Ct. 1773, 1780 (2017) ("'[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'") (citation omitted). Here, Plaintiff alleges that he did not receive from Defendant the required FCRA notification that he had not been hired due, at least in part, to information included in his background report. In support of his assertion that the Court has personal jurisdiction over Defendant, Plaintiff attests that he is an Illinois resident, and viewed and applied for the job online from Illinois. (Pl.'s Resp., Ratliff Decl., Dkt. # 16-1, ¶¶ 2-4.) He also submits a screen shot from Defendant's website on January 8, 2018,

which depicts a map of the areas that Defendant serves. (Pl.'s Resp., York Decl., Ex. A, Dkt. # 16-2.) The map designates Illinois as one of Defendant's "primary regions," though the term is undefined, and identifies Chicago as a "target area," again, an undefined term. (*Id*.) The Court concludes that Plaintiff's evidence fails to establish this Court's specific personal jurisdiction over Defendant as it relates to Plaintiff's FCRA claim.

First, the fact that Plaintiff resides in Illinois is, without more, insufficient to create personal jurisdiction over an out-of-state defendant. *Chopra v. Naik*, No. 16 C 10262, 2017 WL 4339804, at *3 (N.D. Ill. Sept. 30, 2017) ("A defendant – not the plaintiff or third parties – must create the contact with the forum state . . . ."). With respect to Plaintiff's online application, the Court notes that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *be2 LLC,* 642 F.3d at 558 (citing *Ill. v. Hemi Grp., LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). "If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." *Id*. at 559. While Plaintiff asserts that "Defendant's violation of the FCRA is directly connected to [its] Illinois-directed solicitation of potential drivers," and that Defendant "has significantly broadened its scope for recruiting drivers to include Illinois," (Pl.'s Resp., Dkt. # 16, at 17), he fails to point to any evidence supporting these assertions; accordingly, they are unpersuasive. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc*., 751 F.3d 796, 801 (7th Cir. 2014), as corrected (May 12, 2014) ("Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state.") (emphasis in original).

In contrast, Defendant submits the declaration of its Director of Finance, Jake Von Feldt, indicating that Defendant makes all of its employment and personnel decisions in Iowa; it interacts with all of its third-party vendors, including HireRight, from Iowa; all of its communications with applicants take place from Iowa; it does not maintain any operation or offices in Illinois, and leases one parking lot there in which its drivers can park their trucks; it received Plaintiff's application for employment at, and made the request to HireRight (located in California) for Plaintiff's background report from, its offices in Iowa; and it made the hiring decision regarding Plaintiff at its corporate office in Iowa. (Def.'s Mot. Dismiss, Von Feldt Decl., Dkt. # 15-2, ¶¶ 1-8, 10-12.) This testimony remains unrebutted by Plaintiff.

Moreover, Plaintiff has not established that his FCRA claim is related to Defendant's contacts with Illinois. Von Feldt attests that two percent of Defendant's revenue is generated by loads shipping from and delivering into Illinois. (Def.'s Mot. Dismiss, Von Feldt Decl., Dkt. # 15-2, ¶ 9.) But, as noted above, Plaintiff fails to demonstrate that his claim that he did not receive the post-rejection notification required by the FCRA is related to Defendant's transportation services in Illinois. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 931 n.6 (2011) (noting that "even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales"). Even assuming

Plaintiff had established that Defendant's activities in Illinois were related to his FCRA claim, Plaintiff has not demonstrated that the extent of Defendant's trucking activity in Illinois is sufficient to meet the minimum contacts necessary to make personal jurisdiction proper. *See Advanced Tactical*, 751 F.3d at 801 ("Not only did [Plaintiff] fail to link the few sales to [Defendant's] litigation-specific activity, but even if it did, it is unlikely that those few sales alone, without some evidence linking them to the allegedly tortious activity, would make jurisdiction proper.").

In addition, while Plaintiff alleges that he applied for the position at issue on November 24, 2014, the map he points to as proof that Defendant perceived "Illinois and Chicago [as] . . . important geographic areas of its business, a matter of importance to drivers and customers alike," was viewed and printed by Plaintiff on January 8, 2018, over three years later. (Pl.'s Resp., Dkt. # 16, at 15.) Thus, even assuming arguendo that Defendant's contacts with Illinois were substantively related to Plaintiff's FCRA claim, without information regarding Defendant's contacts with Illinois in or around November 2014, when Plaintiff applied for the position, he has failed to establish that his FCRA claim and Defendant's contacts with Illinois were temporally related.

**Conclusion**

Because Plaintiff has failed to meet his burden of proof with respect to establishing this Court's exercise of personal jurisdiction over Defendant, the Court grants Defendant's motion to dismiss on that ground.

**Date**: February 20, 2018

---
**Ronald A. Guzmán**
**United States District Judge**